Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AKIN UCARER,

                *Plaintiff*,

-against-

ALA TURK, INC. (D/B/A A LA TURKA),
SULEYMAN SECER and HUSEYIN SECER

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Civil Action No: 19-cv-5943

AKIN UCARER ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against SULEYMAN SECER, HUSEYIN SECER and ALA TURK, INC. (D/B/A A LA TURKA) (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff is a former employee of a restaurant named A La Turka at 1417 2nd Avenue New York, NY 10021 that was owned and operated by Defendants SULEYMAN SECER, HUSEYIN SECER and ALA TURK, INC. (D/B/A A LA TURKA)

2.    At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

3.    Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

1

4. Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs as well as claims for retaliation.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

*Plaintiff*

7. Plaintiff AKIN UCARER ("Plaintiff UCARER") is an adult individual residing in New Jersey. Plaintiff UCARER was employed by Defendants at A La Turka from approximately March of 2016 until May 18th, 2019.

*Defendants*

8. ALA TURK, INC. (D/B/A A LA TURKA) is a domestic Corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 1417 2nd Avenue New York, NY 10021.

9. Defendant SULEYMAN SECER is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SULEYMAN SECER is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

10. Defendant SULEYMAN SECER possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

11. Defendant SULEYMAN SECER determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, controlled the payment of the employees and hired and fired employees.

12. Defendant HUSEYIN SECER is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant HUSEYIN SECER is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

13. Upon information and belief, Defendant HUSEYIN SECER possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

14. Defendant HUSEYIN SECER set schedules and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

15. Individual defendant SULEYMAN SECER possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

16. Upon information and belief, individual Defendant HUSEYIN SECER possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

17. Defendants are associated and joint employers and who act in the interest of each other with respect the operation of the restaurant known as A La Turka.

18. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

19. Defendants jointly employed Plaintiff employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

20. In the alternative, Defendants constitute a single employer of Plaintiff.

21. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

22. Defendants employed more than 11 people in each of the years 2016 through 2019.

23. In each year from 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

24. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at A La Turka, such as fish, rice, meats, and beverages, cleaning supplies, were produced outside the State of New York.

25. Plaintiff was individually engaged in commerce through the processing of customer credit card transactions.

*Plaintiff AKIN UCARER*

26. Plaintiff UCARER was employed by Defendants from approximately March 2016 until on or about May 18th, 2019.

27. Throughout his employment with defendants, Plaintiff UCARER was employed by A La Turka at 1417 2nd Avenue New York, NY 10021 as a server.

28. Plaintiff UCARER regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York and regularly processed credit card transactions.

29. Plaintiff UCARER's work was closely supervised and his duties required neither discretion nor independent judgment.

30. Plaintiff UCARER regularly worked in excess of 40 hours per week.

31. From approximately March of 2016 until May 18th, 2019, Plaintiff UCARER typically worked six (6) days a week for the Defendants. His typical schedule consisted of two to three days working dinner shifts and three or four days working double shifts. The dinner shifts typically lasted from about 4:00 P.M. until between 11:00 P.M. and 12:00 A.M. and the double shifts lasted from about 10:30 A.M until between 11:00 P.M and 12:00 A.M.  While

Plaintiff's precise hours and shifts varied depending on the needs of the particular day or week, he typically worked between 60 and 68 hours per week.

32. Defendants paid Plaintiff solely in tips through a tip pooling system. There was no 'house pay' issued to the Plaintiff.

33. Defendants regularly took $25 dollars for the tip pool on a daily basis to pay a cleaning service.

34. Defendants regularly omitted tips made through credit cards from the tip pool.

35. Throughout his employment with defendants, Plaintiff UCARER was paid his wages in a mixture of cash and check.

36. Defendants did monitor Plaintiff's hours through both a computer system and punch cards.

37. Defendants often issued checks and pay receipts to Plaintiff that reflected false information about his pay and hours despite the correct information being reflected in the computer system and in the punch cards.

38. No proper notification was given to Plaintiff UCARER regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

39. Defendants never provided Plaintiff UCARER with each payment of wages a proper and accurate statement of wages or hours, as required by NYLL 195(3).

40. Defendants failed to provided Plaintiff UCARER all of the proper and complete notices in English and in Turkish (Plaintiff UCARER's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay. Defendants presented Plaintiff with such a notice blank and forced the Plaintiff to sign it when the majority of the entries were blank such as those

pertaining to pay rate.

## RETALIATION

41.     In the last few months of Plaintiff's employ, Plaintiff complained to the Defendants repeatedly that he was not being paid properly.

42.     Defendants routinely deferred addressing his complaints until a later time without ever committing to a time to discuss his complaints or committing to a change in their pay practices.

43.     In May of 2019, Plaintiff continued to complain about the Defendant pay practices and to request an audience with Defendant Suleyman Secer to discuss the issue.

44.     Instead of addressing Plaintiff's complaints, Defendants merely removed Plaintiff from the work schedule and never called for him to return to work.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

45.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46.     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

47.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

49. Plaintiff UCARER repeats and realleges all paragraphs above as though fully set forth herein.

50. At all times relevant to this action, Defendants were Plaintiff UCARER's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

51. Defendants had the power to hire and fire Plaintiff UCARER controlled the terms and conditions of his employment, and had the power to determine the rate and method of any compensation in exchange for his employment.

52. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

53. Plaintiff was individually engaged in interstate commerce.

54. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

55. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

56. Defendants' failure to pay Plaintiff UCARER at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

57. Plaintiff UCARER was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

60. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

61. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

62. Plaintiff UCARER repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiff UCARER's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

64. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff UCARER less than the minimum wage.

65. Defendants' failure to pay Plaintiff UCARER the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

66. Plaintiff UCARER was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

69. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

70. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

73. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

74. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

75. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

76. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF FLSA 29 U.S.C. SECTION 215(3) - RETALIATION

77. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

78. Plaintiff engaged in a protected activity as defined by the FLSA when he complained to Defendants about the manner in which the Defendants paid him.

79. In response to the protected activity, Defendants discharged Plaintiff because he was asking too many questions about the Defendants pay practices.

80. Defendants discharge of the Plaintiff constituted retaliation in violation of the Fair

11

Labors Standard Act.

81. Such discharge was willful, malicious and otherwise in bad faith.

82. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF NYLL SECTION 215(1)(A) - RETALIATION

83. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

84. Plaintiff engaged in a protected activity as defined by the NYLL when he complained to Defendants about the Defendants pay practices.

85. In response to the protected activity, Defendants discharged Plaintiff because he asked too many questions about the Defendants pay practices.

86. Defendants discharge of the Plaintiff constituted retaliation in violation of NYLL Section 215(1)(a).

87. Such discharge was willful, malicious and otherwise in bad faith.

88. Plaintiff was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## ILLEGAL DEDUCTIONS FROM WAGES AND GRAUITIES –

## NYLL Section 193 and 196-d

89. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants misappropriated portions of Plaintiff's gratuities.

91. Such misappropriation was willful and not in good faith.

92. Plaintiff was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff compensatory damages, front pay, back pay, punitive damages, liquidated damages along with costs and attorney's fees for Defendants' retaliatory conduct under both or either the NYLL and/or FLSA.

(e) Awarding Plaintiff damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages or his tips under the FLSA as applicable;

(f) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(i) Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(k) Enjoining Defendants from future violations of the NYLL;

(l) Enjoining Defendants from further retaliatory conduct;

(m) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(p) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
June 25th, 2019

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*