UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AKIN UCARER,

                               Plaintiff,

                  v.

ALA TURK, INC. (D/B/A A LA TURKA),
SULEYMAN SECER, HUSEYIN SECER (A/K/A
ERSIN SECER), AND UTKU SECER,

                              Defendants.

**MEMORANDUM AND ORDER**
20-cv-05996

---

LaSHANN DeARCY HALL, United States District Judge:

On June 25, 2019, Plaintiff Akin Ucarer filed a complaint against Defendants Ala Turk, Inc. (D/B/A A La Turka), Suleyman Secer, Huseyin Secer (A/K/A Ersin Secer), and Utku Secer bringing claims for *inter alia*, unpaid minimum wages, overtime wages, misappropriated tips, spread of hours pay, notice violations, and retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law ("NYLL"), §§ 190 *et seq.* and 650 *et seq.* ("NYLL"). (Compl., ECF No. 1.) On December 9, 2020, this case was transferred from the Southern District of New York for referral to the United States Bankruptcy Court for the Eastern District of New York in connection to Case No. 20-42628 (Bankr. E.D.N.Y.). (ECF No. 69.) Plaintiff was ordered to show cause by December 18, 2020 as to why the case should not be referred to the Bankruptcy Court for the reasons stated in Judge Furman's November 30, 2020 memorandum and order. Plaintiff filed a response to the order to show cause arguing why referral to the Bankruptcy Court should be withdrawn. (ECF No. 72.) Such arguments are premature as referral has not occurred yet. However, even if Plaintiff were to properly raise these arguments after referral, Plaintiff's motion would be denied.

## DISCUSSION

### I. Mandatory Withdrawal

Section 157(d) provides that withdrawal of the bankruptcy reference is mandatory where "the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Second Circuit has cautioned that this provision should be construed "narrowly," and withdrawal of a referral "is not available merely whenever non-Bankruptcy Code federal statutes will be considered in the Bankruptcy Court proceeding, but is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990). A proceeding requires "substantial and material consideration" of non-bankruptcy federal laws when the court must engage in "significant interpretation, as opposed to [the] simple application" of those laws. *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991). "The burden of establishing a right to mandatory withdrawal is more easily met where matters of first impression are concerned." *In re Joe's Friendly Serv. & Son Inc.*, No. 14-BK-70001(REG), 2019 WL 6307468, at *4 (E.D.N.Y. Nov. 25, 2019) (citation omitted) (collecting cases). Here, Plaintiff brings claims for, *inter alia*, unpaid minimum wages, overtime wages, misappropriated tips, spread of hours pay, notice violations, and retaliation under FLSA and NYLL. (Compl., ECF No. 1.) Plaintiff argues that FLSA and "employment law in general" are "very complicated" areas of law, with "several layers of state and federal statutes, state and federal regulations, along with state and federal case law." (ECF No. 72 at 4.) The Court disagrees.

Merely stating that a statute is "very complicated" is not a legally sufficient basis for mandatory withdrawal. Plaintiff has made no arguments to support a finding that this case

involves simple application, rather than significant interpretation, of FLSA and NYLL.  This case is not analogous to *In re Horizon Air, Inc.*, 156 B.R. 369 (N.D.N.Y. 1993), cited by Plaintiff, in which the referral was withdrawn.  There, the district court found that to decide the motion at issue, the bankruptcy court would have been required to interpret several provisions of the Federal Aviation Act, including how the statute interacts with FAA regulations.  *Id.* at 374.  Here, nothing before this Court suggests that the claims require any significant interpretation of the FLSA or NYLL statutes.  Nor does Plaintiff does argue that the complaint raises matters of first impression, or otherwise unsettled areas of law.  And, as one court in this district observed in deciding for motion for attorney's fees in a FLSA case, "FLSA and New York Labor Law are both straightforward statutes."  *Castellanos v. Deli Casagrande Corp.,* No. CV 11-245 JFB AKT, 2013 WL 1207058, at *10 (E.D.N.Y. Mar. 7, 2013), *report and recommendation adopted*, No. 11-CV-0245 JFB ARL, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013).  Accordingly, the Court finds that mandatory withdrawal is not appropriate.[1]

## II. Discretionary Withdrawal

The Court had discretion to withdraw the reference "for cause shown."  28 U.S.C. §157(d).  The Second Circuit has instructed that "a district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is

---

[1] Plaintiff's one other cited case provides no support for his position that mandatory withdrawal is warranted. Plaintiff cites *In re Chateaugay Corp.*, 193 B.R. 669, 673 (S.D.N.Y. 1996), for the proposition that referral is only appropriate where the "only issues to be litigated in the adversary proceeding ar[i]se under the Bankruptcy Code." (ECF 72 at 3.)  To start, that is a misstatement of the law.  Referrals can be made where a case is found to be "related to" a Bankruptcy Proceeding, even where they do not arise in a bankruptcy proceeding.  *See* 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in *or related to* a case under title 11 shall be referred to the bankruptcy judges for the district." (emphasis added)).  And, in any event, *In re Chateaugay* is a case that dealt with a body of case law regarding the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), not relevant here, and Plaintiff has failed to make any compelling arguments as to why the Court should consider *In re Chateaugay* persuasive authority.  *See id.* at 674 (describing and applying Second Circuit caselaw regarding when a claim accrues under CERCLA).

upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Then, the court may consider additional factors such as, "questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, [and] the prevention of forum shopping." *Id.* Courts applying *In re Orion*, have considered the following factors in determining whether to withdraw a reference for cause shown: "(i) whether the proceeding is a 'core' proceeding under 28 U.S.C. § 157(b); (ii) whether the action is legal or equitable; (iii) interests of judicial economy; (iv) interests of uniform bankruptcy administration; (v) reduction of forum shopping; (vi) economical use of debtors' and creditors' resources; (vii) interests of expediting the bankruptcy process; and (viii) the presence of a jury demand." *Oneida Ltd. v. Pension Ben. Guar. Corp.*, 372 B.R. 107, 111 (S.D.N.Y. 2007) (citing *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993)).

      Here, Plaintiff does not dispute that he filed a proof of claim against Ala Turk in Bankruptcy Court. (ECF No. 72 at 6.) By filing a proof of claim in bankruptcy court, Plaintiff acknowledges that the bankruptcy court will determine whether his claim against Ala Turk should be allowed or disallowed, and at what amount, as part of a Chapter 11 Plan. (ECF No. 72 at 6.) As the Second Circuit has observed, "nothing is more directly at the core of bankruptcy administration . . . than the quantification of all liabilities of the debtor." *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 705 (2d Cir. 1995). For this reason, the Second Circuit has held that "the determinative factor as to the bankruptcy court's jurisdiction in this case is that the [plaintiff] filed a proof of claim . . . [and] in so doing, the [plaintiff] necessarily became a party under the [bankruptcy] court's core jurisdiction." *Id.* Nevertheless, Plaintiff makes several arguments in support of a discretionary withdrawal of the referral to the bankruptcy court. None are persuasive.

4

*First,* Plaintiff asks the Court to set aside the question of core versus non-core claims and consider the other factors first. (ECF No. 72 at 5.) That is not the law. As Court determines that the claim against Ala Turk is a core proceeding, the discretionary factors, such as efficiency, weigh in favor of declining to withdraw the referral.

*Second,* Plaintiff contends that the claims against the individual defendants are non-core, which weighs in favor of withdrawal. (ECF No. 72 at 6.) To be sure, if the claims against the individual defendants are non-core, the bankruptcy court is prohibited from holding a jury trial on those claims. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("[T]he constitution prohibits bankruptcy courts from holding jury trials in non-core matters."). Plaintiffs have demanded a jury trial on all claims, which does weigh in favor of withdrawal. (*See* Compl.) However, assuming, without deciding, that the claims against the individual defendants are non-core, judicial efficiency still supports the reference to the bankruptcy court. Should Plaintiff's claims against Ala Turk be disallowed as part of the Chapter 11 plan, Plaintiff may choose not to pursue further action against the individual defendants. Accordingly, judicial efficiency mandates that the referral stand, even though Plaintiff has requested a jury trial as to all claims.

*Third,* Plaintiff asks that he first be able to litigate Defendants' liability in the district court before any reference. He cites to no caselaw in which a Court agreed to such an arrangement, particularly for a core claim, and the Court declines his request.

*Fourth,* Plaintiff argues that the Court should view the proof of claim as merely a "defensive proof of claim," which means that Plaintiff does not consent to any "'core' status" of his claim. (ECF No. 74 at 6 (citing *In re Kamine/Besicorp Allegany, L.P.*, 214 B.R. 953, 972 (Bankr. D.N.J. 1997).) While Plaintiff does not articulate this theory any further, the Court

5

presumes that Plaintiff is asking the Court to find that Plaintiff's lack of consent to core status support withdrawal of the reference. That is not the law of this circuit. As the Second Circuit has explained, in rejected a similar argument, "[i]nvoking equitable jurisdiction in the bankruptcy context might be analogized to invoking a court's jurisdiction by filing a complaint." *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 707 (2d Cir. 1995). For this reason, in filing a proof of claim in the bankruptcy court, Plaintiff has submitted himself to the bankruptcy court's equitable jurisdiction as to those claims. *See id.* (finding same); *see also Tallo v. Gianopoulos*, 321 B.R. 23, 27 (E.D.N.Y. 2005) ("That [plaintiff] may have been forced by procedural rules to file his claim to avoid losing it is irrelevant.").

## CONCLUSION

For the foregoing reasons, this case is REFERRED to United States Bankruptcy Court for the Eastern District of New York in connection to Case No. 20-42628 (Bankr. E.D.N.Y.). The motion for withdrawal of the referral is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      February 17, 2021

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge